## NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted February 17, 2015[*]
Decided February 17, 2015

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-2998

| | |
|---|---|
| CURTIS L. WESTBROOK, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 14 C 2365 |
| BARCLAY COURT REPORTERS, and LITTLER MENDELSON, LLP, | Gary S. Feinerman, |
| *Defendants-Appellees*. | *Judge*. |

### O R D E R

After losing an employment-discrimination suit against the Boy Scouts of America, *see Westbrook v. Boy Scouts of America*, 560 F. App'x 574 (7th Cir. 2014), Curtis Westbrook brought this civil-rights suit against the law firm that represented the Boy Scouts and the court reporting agency it had hired. The district court dismissed the civil-rights suit for failure to state a claim. We affirm.

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2)(C).

At the core of this suit is Westbrook's belief that he was wrongly denied an opportunity in the underlying suit to review a transcript of a deposition he had given. The transcript had been prepared by Barclay Court Reporters, which had been hired by the Boy Scouts' counsel, Littler Mendelson. For reasons not reflected in the record, Westbrook was unable to review the transcript at Barclay's Chicago office during the initial 30 days after it was made available. According to the district court's docket sheet from the prior suit, however, he eventually was able to review the transcript after Judge Dow arranged for it to be made available at the federal courthouse in Indianapolis (closer to Westbrook's home in Muncie). But Westbrook did not timely respond to the Boy Scouts' motion for summary judgment, which the court eventually granted. He now alleges that his response was untimely because of the delay he experienced in being able to review the transcript.

The following year Westbrook sued Littler Mendelson and Barclay, asserting that they violated his civil rights by not allowing him to review his deposition transcript within 30 days of it being made available, *see* FED. R. CIV. P. 30(e)(1)(A). Judge Feinerman dismissed the case sua sponte for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). The law firm and the court reporting agency are not state actors (nor were they alleged to have conspired with state actors), the judge explained, so Westbrook could not bring a claim against them under 42 U.S.C. § 1983 or § 1985. Judge Feinerman added that the "gist" of Westbrook's claim—that he was prohibited from reviewing his deposition transcript—was inconsistent with Judge Dow's order in the underlying case allowing him to review the transcript in Indianapolis.

On appeal Westbrook contends that he stated a claim by pleading that Barclay Court Reporters and Littler Mendelson, though private actors, conspired with Judge Dow and a district court deputy, both of whom he characterizes as state actors. But Westbrook did not state a claim because he failed to allege any factual basis for a conspiracy, *Cooney v. Rossiter*, 583 F.3d 967, 970-71 (7th Cir. 2009); *Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 517 (7th Cir. 2007), let alone any wrongdoing by Judge Dow, *see Liteky v. United States*, 510 U.S. 540, 555–56 (1994) (federal judges' "ordinary efforts at courtroom administration" do not provide evidence of bias); *Starnes v. Capital Cities Media, Inc.*, 39 F.3d 1394, 1397 (7th Cir. 1994) (district judge's adverse ruling did not demonstrate collusion with opposing party).

Nor did Westbrook allege any violation of his constitutional rights or other federal statutes, as he must under § 1983. *See Planned Parenthood of Indiana, Inc. v. Comm'r*

*of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012). Westbrook's claim of a violation of Federal Rule of Civil Procedure 30(e)(2)—a rule established by the Supreme Court allowing deponents 30 days to review their deposition transcripts—cannot provide a basis for a § 1983 claim. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 283-84 (2002) (whether violation may be enforced through § 1983 depends on whether *Congress* intended to create private right).

Finally Westbrook has not stated a claim under § 1985(3) because his complaint does not allege any racial or class-based motive for the defendants' actions. *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *Kyle v. Morton High Sch.,* 144 F.3d 448, 457 (7th Cir. 1998) (per curiam).

AFFIRMED.